SEIBERT CYLINDER OIL CO. *v.* WILLIAM POWELL CO.

(*Circuit Court, S. D. Ohio.*  May 23, 1888.)

PATENTS FOR INVENTIONS—EXPIRATION—ENGLISH PATENTS—ANTEDATING—REV. ST. U. S. § 4887.

Rev. St. U. S. § 4887, providing that "every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent," does not apply to a patent issued subsequent to the filing of application and provisional specification for an English patent on the same invention, but prior to its issuance, although such patent was antedated as of the date of application, as the patentee's right thereunder did not come into existence until the patent was sealed.

In Equity.  Suit for infringement of patent.

*Peck & Rector* and *Edmund Wetmore,* for complainant.

*George J. Murray,* for respondent.

SAGE, J.  This suit is for infringement of patent No. 138,243, granted 29th of April, 1873, to complainant's assignor, John Gates, for an improvement in lubricators for steam-engines.  The bill was filed the 22d of November, 1887.  The defendant pleads to the jurisdiction of this court in equity that the invention described in complainant's patent was patented in England by William Burnett, assignee of said Gates, 24th of April, 1873, for the term of 14 years, which grant was determined before the commencement of this suit.  From the stipulation of facts on file it appears that Burnett filed his application and provisional specification 24th April, 1873; that letters patent were sealed to him 24th of June, 1873, and dated April 24, 1873; that his complete specification and drawing were filed 21st October, 1873; that the invention described and claimed therein is the same as that covered by the patent sued upon in this cause; and that said letters patent expired before the filing of complainant's bill.

Under 15 & 16 Vict. c. 83, § 24, as construed by the court of exchequer in *Saxby* v. *Hennett,* L. R. 8 Exch. 210, the patent to Burnett took effect as upon the day of the date it bore; for by section 23 of the act, the old act of Hen. VI., forbidding the antedating of patents, was in effect repealed; and section 24 enacts that letters patent, where antedated, are to be of the same validity as if sealed on the day they bore date.  The court say, KELLY, C. B.: "The lord chancellor is the judge of whether the grant shall be made, and what date it shall bear; but when once made, this section operates."  The application for an English patent is made by filing either a provisional or complete specification.  By the fifth rule of October 1, 1852, more than 21 days must intervene between the filing of the application and the sealing of the patent.  The regular course of procedure involves a reference of the application to the law officers, an examination by them, a certificate back, and then an advertisement from 10 to 20 days.  This is succeeded by a notice to proceed, and advertisement of 21 days; then the warrant is is-

sued, and the preparation and sealing of the patent consumes from 10 to 20 days.    Notice is given, so that any one interested may lodge a *caveat* against the grant of the patent.    An appeal lies from the decision of the law officers to the lord chancellor.    The law officers may decline to seal the patent, as may the lord chancellor on appeal.

Section 4887, Rev. St. U. S., provides that "every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent." When the patent in suit in this cause was issued, the application for the English patent, and the provisional specification, had been on file five days.    Burnett was not then a patentee.    He was only an applicant for a patent, without any of the rights of a patentee.    Sixty-one days intervened before the sealing of his patent.    That was his grant, and until then he not only had no grant, but could not be certain that the law officers would not refuse to make one.    The antedating of that grant had the effect, by imparting to it, under the provision of the English statute, the same validity as if sealed on the day it bore date, to make liable as an infringer any one who after that date manufactured, used, or sold the invention, and to limit the duration of the grant to the period of 14 years from that date.    Nevertheless, the patentee's exclusive right first came into existence when his patent was sealed, which was subsequent to the issuing of the patent to complainant's assignor, on which this suit is founded.    And upon the sealing of his patent, and until the filing of his complete specification, which was upon the 21st of October, 1873, his rights were not so vested that he could assert them in any court. The relation back of the English patent by reason of its date, and by virtue of the English statute, does not sustain the defendant's contention that the invention had been previously patented in England.    *Emerson* v. *Lippert*, 31 Fed. Rep. 911.    The plea is overruled.